UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| Blaine Franklin Shaw, *et al*. <br><br> *Plaintiffs-Appellee*, <br><br> v. <br><br> Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol. <br><br> *Defendant-Appellant*. | Case No. 23-3264 |
| Mark Erich, *et al*. <br><br> *Plaintiffs-Appellee*, <br><br> v. <br><br> Erik Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol. <br><br> *Defendant-Appellant*. | Case No. 23-3267 |

**MOTION TO EXEMPT CONVENTIONALLY FILED EXHIBITS FROM ELECTRONIC APPENDIX**

Pursuant to 10th Cir. R. 30.3(B), Appellant Erik Smith moves for an order directing the district court to forward to this Court certain trial exhibits that were admitted below and to exempt those exhibits from the electronic appendix. Smith, who is the current Superintendent of the Kansas Highway

1

Patrol (KHP), asks that the following exhibits to be included in the appellate record for this Court's consideration:

- Trial Exhibit 1 (Dashcam video of Shaw traffic stop), admitted on February 6, 2023;

- Trial Exhibit 8 (Dashcam video of Bosire traffic stop), admitted on April 25, 2023;

- Trial Exhibit 29 (Dashcam video of Erich traffic stop), admitted on May 1, 2023;

- Trial Exhibit 119 (Dashcam video of Kelly traffic stop), admitted on May 2, 2023;

- Trial Exhibits 121 and 122 (Dashcam video of Dunn traffic stop), admitted on May 2, 2023; and

- Trial Exhibit 954 (Dashcam video of Martinez traffic stop), admitted on May 2, 2023.

In support of this motion, Smith states:

1. Appellees brought two lawsuits, which were consolidated below, under 42 U.S.C. § 1983 against the KHP Superintendent seeking injunctive relief based on alleged Fourth Amendment violations that occurred during a handful of traffic stops.

2. The alleged constitutional violations were recorded by dashboard cameras in KHP vehicles. Digital copies of the video/sound recordings were later produced on disks.

3. During three separate trials, the district court admitted these videos as exhibits, which were published. When reaching its decisions, the

trial court relied on these exhibits. The exhibits remain in the possession of the district court.

4. Smith will cite to Exhibits 1, 29, 119, 121, 122, and 954 in his opening brief. However, the digital files cannot be electronically filed with the Court using the Court's CM/ECF system. This Court should review and consider the video/sound recordings to resolve this appeal.

5. Smith's request is timely, as his principal brief and appendix is currently due on April 24, 2024.

6. Smith's counsel contacted counsel for Appellees and asked for their position on adding Exhibits 1, 29, 119, 121, 122, and 954 to the record on appeal. Appellees did not oppose this motion, but asked that it also include Exhibit 8.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL

/s/ Kurtis K. Wiard
Anthony J. Powell
  *Solicitor General*
Dwight R. Carswell
  *Deputy Solicitor General*
Kurtis K. Wiard
  *Assistant Solicitor General*
Office of the Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612

(785) 368-8426
anthony.powell@ag.ks.gov
dwight.carswell@ag.ks.gov
kurtis.wiard@ag.ks.gov

*Attorneys for Defendant-Appellant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that this pleading was electronically filed with the Clerk of the Tenth Circuit Court of Appeals using the CM/ECF system and that the CM/ECF system will serve all participants in the case that are registered CM/ECF users.

DATED: April 17, 2024        /s/ Kurtis K. Wiard