UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| BLAINE FRANKLIN SHAW *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, <br><br> *Defendant-Appellant.* | **Case No. 23-3264** |
| MARK ERICH *et al.*, <br><br> *Plaintiffs-Appellees,* <br><br> v. <br><br> ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, <br><br> *Defendant-Appellant.* | **Case No. 23-3267** |

### PLAINTIFFS-APPELLEES' UNOPPOSED MOTION TO EXEMPT CONVENTIONALLY FILED MATERIALS FROM THE ELECTRONIC SUPPLEMENTAL APPENDIX

Pursuant to Tenth Circuit Rule 30.3(B), Plaintiffs-Appellees Blaine Shaw, Samuel Shaw, Joshua Bosire, Mark Erich, and Shawna Maloney ("Plaintiffs") move for an order exempting the following video exhibits filed in the district court from the electronic supplemental appendix:

- Trial Exhibit 3B (Blaine Shaw cell phone video of Shaw traffic stop), admitted on February 6, 2023;

1

- Trial Exhibit 130 (video of Lieutenant Rohr's deposition designations), admitted on May 2, 2023;

- Trial Exhibit 131 (video of Trooper Rule's deposition designations), admitted on May 2, 2023;

- Trial Exhibit 132 (video of Lieutenant Jirak's deposition designations), admitted on May 3, 2023; and

- Trial Exhibits 133 (video of Trooper Wolting's deposition designations), admitted on May 3, 2023.

In support of this motion, Plaintiffs state as follows:

1. Plaintiffs brought this 42 U.S.C. § 1983 lawsuit against Appellant Superintendent of the Kansas Highway Patrol ("the Superintendent") in his official capacity. After a bench trial, the district court held that, in violation of the Fourth Amendment, the Superintendent is responsible for a policy or practice of: (1) detaining motorists without reasonable suspicion or consent, on the basis of out-of-state residency or out-of-state travel plans; (2) using the Kansas Two-Step to unlawfully extend stops of motorists without reasonable suspicion and without the motorists' knowing, voluntary, and intelligent consent. The court issued a permanent injunction to address these constitutional violations.

2. The district court's ruling was partly based on the circumstances of individual roadside detentions, including Trooper Douglas Schulte's detention of Plaintiffs Blaine Shaw and Samuel Shaw.

3. Blaine Shaw used his cell phone to record a video of his detention. This video was admitted at Blaine Shaw's jury trial against Schulte.

4. Prior to the start of the bench trial, Plaintiffs and the Superintendent stipulated that evidence and testimony presented to the jury during the trials of Plaintiffs Blaine Shaw and Joshua Bosire's claims against the troopers involved in their respective stops, as well as the jury verdicts themselves, would be a part of the record in Plaintiffs' case against the Superintendent.

5. Kansas Highway Patrol ("KHP") Troopers Wolting and Rule, as well as KHP Lieutenants Rohr and Jirak, were deposed in this matter. Their depositions were recorded on video, and those recordings were admitted at the bench trial against the Superintendent.

6. The trial court cited the testimony of Wolting, Rule, Rohr, and Jirak in support of its finding that "KHP apparently continues to train its troopers that they may consider a driver's out-of-state origin or destination as 'a' reasonable suspicion factor in conjunction with other factors." App. II, 44–45.

7. Plaintiffs will cite Exhibits 3B, 130, 131, 132, and 133 in their response brief. However, the digital files cannot be electronically filed with the Court using the Court's CM/ECF system. This Court should review and consider the video files to resolve this appeal.

8. On April 18, 2024, this Court granted in part the Superintendent's motion to submit the KHP troopers' dashboard camera footage of the individual stops addressed below, identified as Trial Exhibits 1, 8, 29, 119, 121, 122, and 954. In granting the Superintendent's motion, the Court directed Appellant to file and serve the exhibits on a CD/DVD/USB drive.

9. Plaintiffs' request is timely, as their principal brief and appendix is currently due on May 24, 2024.

10. The Superintendent does not oppose this motion.

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
s/Brian Hauss
Brian Hauss
Elizabeth Gyori
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org
egyori@aclu.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
Kunyu Ching          KS # 29807
10561 Barkley Street, Suite 500
Overland Park, KS 66212
Phone: (913) 490-4110
Fax: (913) 490-4119
kching@aclukansas.org

**SPENCER FANE LLP**
Leslie A. Greathouse   KS # 18656
Patrick McInerney      KS # 22561
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May 2024, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.

s/Brian Hauss
*Attorney for Appellees*